

# THE ATTORNEY GENERAL
## OF TEXAS

**GROVER SELLERS**

AUSTIN 11, TEXAS

ATTORNEY GENERAL

Hon. Homer Garrison, Jr.,
Director
Texas Department of Public
 Safety
Camp Mabry
Austin, Texas

Opinion No. O-7216
Re: When a member of the Department of Public Safety has been subpoenaed to appear as a witness and his testimony would be of no material value in the successful prosecution of the case, would another member of the department, for whom a subpoena had not been issued, be entitled to per diem and mileage fees under Article 1036, C.C.P., if he appeared as a witness and testified at the trial to facts that were material.

Dear Sir:

     Your recent request for an opinion on the question as restated above has been received and carefully considered by this department.

     Article 1036, Code of Criminal Procedure of Texas provides, and we quote the applicable portions of the Statute as follows:

     "(1) Any witness who may have been subpoenaed, or shall have been recognized or attached and given bond for his appearance before any Court, or before any grand jury, out of the county of his residence, to testify in a felony case regardless of disposition of said case, and who appears in compliance with the obligations of such recognizance or bond, shall be allowed Three (3) Cents per mile going to and returning from the Court or grand jury, by the nearest practical conveyance, and Two Dollars ($2) per day for each day he may necessarily be absent from home as a witness in such case;

     ". . . .

     "Witnesses shall receive from the State, for attendance upon District Courts and grand juries in counties other than that of their residence in obedience to subpoenas issued under the provisions

of law Three (3) Cents per mile, going to and re-
turning from the Court or grand jury, by the near-
est practical conveyance, and Two Dollars ($2) per
day for each day they may necessarily be absent from
home as a witness to be paid as now provided by law;
and the foreman of the grand jury, or the District
Clerk, shall issue such witness certificates there-
for, after deducting therefrom the amounts advanced
by the officers serving said subpoenas, as shown by
the returns on said subpoenas; which certificates
shall be approved by the District Judge, and re-
corded by the Clerk in a well-bound book kept for
that purpose; . . ."

"(2)  Witness fees shall be allowed only to such
witnesses as may have been summoned on the sworn writ-
ten application of the State's attorney or the defend-
ant or his attorney as provided in Article 463, Code
of Criminal Procedure, which sworn application must be
made at the time of the procuring of the subpoena, at-
tachment for, or recognizance of, the witness.  The
Judge to whom an application for attachment is made
may, in his discretion, grant or refuse such applica-
tion, when presented in termtime.

"(3)  The witness shall make an affidavit stating
the number of miles he will have traveled going to
and returning from the Court, by the nearest practical
conveyance, and the number of days he will have been
necessarily absent in going to and returning from the
place of trial; which affidavit shall be a part of the
certificate issued by the clerk, copy of which is to
be kept in a well-bound book. . . .

". . . .

"(4)  The District or Criminal District Judge,
when any such claim is presented to him, shall examine
the same carefully, and inquire into the correctness
thereof, and approve same, in whole or in part, or dis-
approve the entire claim, as the facts and law may re-
quire; and such approval shall be conditioned only
upon and subject to the approval of the State Comptrol-
ler, as provided for in Article 1035 of the Code of
Criminal Procedure; and said claim with the action of
the Judge thereon shall be entered on the Minutes of
said Court; and upon the approval of said claim by the
Judge, the Clerk shall make a certified list of said
claim, upon forms prescribed by the Comptroller, furn-
ishing such information as required by him, and send the
same to the Comptroller at such times as he may require,

for which service the Clerk shall be entitled to
a fee of Fifty (50) Cents which shall be paid by
the witness. The service mentioned in the fore-
going sentence shall include the issuance of cer-
tificate, swearing the witness to claim for wit-
ness fees, and reporting to Comptroller, and witness
shall not be required to pay any additional amount
for the completion of the certificate.

"(5) The Comptroller, upon receipt of such claim
and the certified list provided for in the foregoing
section, shall carefully examine the same, and if he
deems said claim correct, and in compliance with and
authorized by law in every respect, draw his warrant
on the State Treasury for the amount due in favor of
the witness entitled to same, or to any person such
certificate has been assigned by such witness, but
no warrant shall issue to any assignee of such wit-
ness's claim unless the assignment is made under oath
and acknowledged before some person duly authorized
to administer oaths, certified to by the officer and
under seal. . . ." (Underscoring added)

Article 463, Code of Criminal Procedure of Texas
reads as follows:

"Before the clerk or his deputy shall be required
or permitted to issue a subpoena in any felony case
pending in any District or Criminal District Court of
this State of which he is clerk or deputy, the defend-
ant or his attorney or the State's attorney shall make
written, sworn application to such clerk for each wit-
ness desired. Such application shall state the name
of each witness desired, the location and vocation, if
known, and that the testimony of said witness is mater-
ial to the State or to the defense. As far as is prac-
tical such clerk shall include in one subpoena the
names of all witnesses for the State and for defendant,
and such process shall show that the witnesses are sum-
moned for the State or for the defendant. When a wit-
ness has been served with a subpoena, attached or plac-
ed under recognizance at the instance of either party
in a particular case, such execution of process shall
inure to the benefit of the opposite party in such case
in the event such opposite party desires to use such
witness on the trial of the case, provided that when a
witness has once been served with a subpoena, no fur-
ther subpoena shall be issued for said witness."

In construing a statute or an act of the Legislature, the principle guide should be to determine the intention of the Legislature in passing the act.  By the language used in Section (2) of Article 1036, C.C.P., which is definite and clear, the Legislature intended that only such persons appearing in court as witnesses, for whom subpoenas were issued by the Clerk of the court, upon a sworn application of the State's Attorney, the defendant, or the defendant's attorney, be allowed the fees mentioned in Section (1) of the Article.  Section (4) of the Article imposes a duty upon the District Judge, using the words of the statute, ". . . to examine the claim carefully and to inquire into the correctness thereof, . . ." and approve or disapprove the claim as the facts and law may require.  Under the facts as outlined in your request, it would be the duty of the District Judge to refuse to approve a claim for such a witness for whom a subpoena had not been issued in compliance with Article 463, C.C.P.

Section (4), of Article 1036, C.C.P., provides that the District Judge's approval is conditioned upon and subject to the approval of the State Comptroller.  Under the provisions of Section 5, the Comptroller is charged with the duty of examining such claims approved by District Judges, to ascertain whether or not the claims are correct and in compliance with and authorized by law in every respect, before he draws a warrant on the State Treasury in favor of the person claiming the fees provided in Section (1) of the Article.

You stated in your letter, that for a number of years it has been the policy of the Comptroller to issue warrants in payment of similar claims if the Clerk of the Court issued witness certificates and they were approved by the District Judge. We have been unable to find any statute or rule of law, either directly or by implication, authorizing the Comptroller or the District Judges at their discretion, to waive or disregard the provisions of Sections (2), (3), (4) and (5) of Article 1036, C.C.P., in approving and paying such claims.

You are respectfully advised that it is the opinion of this department that such a witness for whom a subpoena had not been issued in compliance with Article 463, C.C.P., is not entitled to per diem and mileage fees under the provisions of Article 1036, Code of Criminal Procedure of Texas.

We wish to point out that State employees cannot claim traveling expenses from the State and also witness fees and mileage from the Court in State cases.  See Subdivision 11(a), Section 2, of the Departmental Appropriation Bill, 49th Legislature of Texas, 1945 (General and Special Laws, page 943) which reads as follows:

"No traveling expenses shall be claimed, allowed, or paid unless incurred while traveling on State business. Any State official or employee entitled to traveling expenses out of State appropriations herein made, who is legally or officially required to be present at the trial of any State case, shall not claim traveling expenses from the State and also from the Court wherein said case is pending. If by oversight, duplicate claims are filed for said traveling expenses and collected, then said officers or employees shall reimburse and refund to the State Treasurer an amount equal to the respective amount collected under such witness fees and mileage claim."

Trusting that the above satisfactorily answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Louis W. Woosley
Louis W. Woosley, Assistant

APPROVED APR 27, 1946
/s/ Carlos C. Ashley
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED: OPINION COMMITTEE
BY:       BWB, CHAIRMAN

LWW:zd:wb